United States Courts
Southern District of Texas
FILED

NOV 3 0 2006

Michael N. Milby, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| GULF ATLANTIC OPERATIONS, LLC, | * | CASE NO. 06-20676, jointly administered |
| ET AL. | * | with 06-20677, 06-20678, and 06-20679 |
| | * | |
| Debtors | * | CHAPTER 11 |

### APPLICATION FOR EMPLOYMENT OF COUNSEL
### FOR THE UNSECURED CREDITORS COMMITTEE

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

**NOW COMES** the Official Unsecured Creditors Committee (collectively referred to as the "Committee") and files this its Application for the Employment of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard ("Lugenbuhl"), and in support shows the Court the following:

1.

On November 1, 2006, Gulf Atlantic Operations, LLC, Gulf Atlantic Marine, LLC, Gulf Atlantic Terminalling, LLC, and Patriot Asphalt, LLC (collectively as the "Debtors" or "Gulf

Atlantic") filed their separate Voluntary Petitions under Chapter 11 of Title 11 of the United States Code.

2.

Pursuant to an Order dated November 2, 2006 **(P-25)**, this Court approved the joint administration of the Debtors four independent bankruptcy cases under Case No. 06-20676.

3.

The Debtors have continued in possession of their property, and pursuant to Section 1108 of the Bankruptcy Code, are operating their businesses and managing their property as debtors-in-possession.

4.

On November 22, 2006, the U.S. Trustee filed its Notice of Appointment of Committee of Unsecured Creditors. The following creditors are members of the Committee:

> Baker Hughes, Inc.
> Mobile Fence Co.
> Complete Environmental & Remediation Co., LLC

5.

The Committee seeks to employ Lugenbuhl as its attorneys in the case. Counsel for Lugenbuhl are moving to be admitted *pro hac vice* to practice before this Court.

6.

This Application was filed within thirty (30) days of the commencement of Lugenbuhl's provision of services and is therefore deemed a contemporaneous Application pursuant to Local Rule 2014(b). The Committee therefore requests that the Order requested herein provide that Lugenbuhl's employment is effective as of November 22, 2006.

7.

The Committee has selected Lugenbuhl because it has considerable experience in the field of creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Further, Lugenbuhl has experience in complex and industrial bankruptcy cases and representing creditors committees in such Chapter 11 proceedings.

8.

The professional services that Lugenbuhl is to render include:

a. To assist, advise and represent the Committee with respect to the administration of the case and the exercise of oversight of the Debtors' affairs while undergoing reorganization, including all issues arising from or impacting the Debtor, the Committee or this Chapter 11 case;

b. To provide all necessary legal advice relating to the Committee's powers and duties;

c. To assist the Committee in maximizing the value of the Debtors' assets for the benefit of creditors;

d. To review the necessary DIP financing and cash collateral agreements and other agreements;

e. To give legal advice and to take any necessary action to negotiate a plan of reorganization and where appropriate, pursue confirmation of a plan of reorganization and approval of the disclosure statement;

f. To assist in the formulation of and/or amendments to a plan under Chapter 11 of the Bankruptcy Code;

g. To prepare on behalf of the Committee necessary applications, answers, orders, reports and other legal papers;

h. To perform all other legal services for the Committee which may be necessary.

9.

To the best of the knowledge of the Committee and in reliance upon the attached affidavit of disinterestedness of Lugenbuhl, Lugenbuhl is disinterested and has no connection with the Debtors, creditors, United States Trustee or any other party in interest, except as stated in the affidavit.

10.

Prior to the filing of the case, Lugenbuhl represented or is currently representing the following creditors in matters both related and unrelated to this case. Lugenbuhl had represented Baker Hughes, Inc. and Complete Environmental & Remediation Co., LLC prior to the filing of the bankruptcy proceeding. Lugenbuhl ceased representation of those creditors at filing. Lugenbuhl represents Baker Hughes, Inc. and its subsidiaries in other unrelated matters.

11.

In addition, Lugenbuhl as a law firm may have in the past represented and may continue to represent other parties who are creditors of the Debtors in matters wholly unrelated to the Debtors' Chapter 11 cases and the Committee has been advised that none of these representations or relationships would be adverse to the Committee, the Debtors or the estates.

12.

The terms of the employment of the law firm of Lugenbuhl agreed to by the Committee, subject to the approval of the Court, are that attorneys and other personnel within the law firm, will undertake this representation at its standard hourly rates. The individuals presently designated to represent the unsecured creditors and their hourly rates are:

    Stewart F. Peck, Senior Partner                  $325.00

| | |
|---|---|
| Christopher T. Caplinger, Partner | $250.00 |
| Associates | $190.00 |
| Paralegals | $90.00 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of senior partner, to reflect their increased experience and expertise in this area of law. Lugenbuhl will make periodic applications for interim compensation in accordance with any fee procedure approved by the Court and will look to the operations of the Debtor for payment.

13.

Lugenbuhl represents no interest adverse to the Committee in matters upon which it is to be engaged for the Committee and its employment would be in the best interest of the estates. Further, the Committee has been advised that, except as otherwise disclosed in the Peck Affidavit, Lugenbuhl is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy code, as modified by Section 1103(b) and does not hold or represent an interest adverse to the Committee, the Debtors or the estates.

14.

Lugenbuhl will seek to be compensated in accordance with the requirements of Sections 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and in accordance with the Peck Affidavit. Lugenbuhl will also seek reimbursement for its out-of-pocket expenses, including, but not limited to, facsimile transmissions, reproduction copies, delivery charges, long distance telephone calls, mileage, and travel costs.

15.

Notice of this Application has been given to the United States Trustee for the Southern District of Texas, Corpus Christi Division, the Debtors and the parties that have filed requests for notice in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that such notice is adequate. No prior application for the relief requested herein has been made to this Court or to any other Court.

**WHEREFORE**, premises considered, the Committee requests that the Court approve the employment of Lugenbuhl to represent it in these cases under Chapter 11 of the Bankruptcy Code, effective November 22, 2006, and for any other relief to which it is entitled.

Respectfully submitted,

_____
CHRISTOPHER J. RYAN
CHAIRMAN OF THE OFFICIAL COMMITTEE OF THE
UNSECURED CREDITORS OF THE DEBTORS

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| GULF ATLANTIC OPERATIONS, LLC, | * CASE NO. 06-20676, jointly administered |
| ET AL. | * with 06-20677, 06-20678, and 06-20679 |
| | * |
| Debtors | * CHAPTER 11 |

**AFFIDAVIT OF STEWART F. PECK ON BEHALF OF LUGENBUHL,
WHEATON, PECK, RANKIN & HUBBARD AS COUNSEL FOR THE
UNSECURED CREDITORS COMMITTEE PURSUANT TO SECTION 1103 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016**

STATE OF LOUISIANA   )
                     )
PARISH OF ORLEANS    )

STEWART F. PECK, being duly sworn, deposes and says:

1. I am an attorney duly admitted and in good standing to practice in the State of Louisiana, and before the United States District Courts for the Eastern, Western, and Middle Districts of Louisiana, and I am a member of the firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard ("Lugenbuhl"). My firm maintains offices for the practice of law at 601 Poydras Street, Suite 2775, New Orleans, Louisiana 70130. I submit this affidavit in connection with the Application for Employment of Counsel for the Unsecured Creditors' Committee, comprised of representatives of creditors having unsecured claims as appointed by the United States Trustee (the "Committee"), seeking to retain Lugenbuhl as its counsel in the above-captioned Chapter 11 cases and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Neither I, my law firm, any shareholder of the firm, nor associate thereof, insofar as I have been able to ascertain, has had or presently has any connection with Gulf Atlantic Operations, LLC, Gulf Atlantic Marine, LLC, Gulf Atlantic Terminalling, LLC, and Patriot Asphalt, LLC, the above-captioned Debtors and Debtors-in-Possession. Prior to selection as counsel by the Committee, Lugenbuhl represented Complete Environmental & Remediation Co., LLC, Oil Recovery Co., Inc., and S.C. Stagner Contracting, Inc. in connection with monies owed by certain of the Debtors. Upon the filing of the Chapter 11 cases, my firm ceased such representation.

3. Additionally, I, my law firm, its members or associates may have appeared in the past, and may appear in the future, in cases having nothing to do with the captioned cases where one or more of said parties may be involved. Lugenbuhl continues to represent Baker Hughes, Inc. and its subsidiaries in other matters not related to these cases. The representation includes representing this party as a creditor in unrelated bankruptcy, federal and state court proceedings.

4. Additionally, I, my law firm, its members or associates may represent or may have represented certain of the Debtors' other creditors in matters unrelated to this case.

5. Standard Chapter 11 hourly rates charged for such Chapter 11 proceedings are as follows:

| | |
|---|---|
| Stewart F. Peck, Senior Partner | $325.00 |
| Christopher T. Caplinger, Partner | $250.00 |
| Associates | $190.00 |
| Paralegals | $90.00 |

6. As this Chapter 11 case proceeds, it is possible that additional Lugenbuhl partners, associates and legal assistants may be assigned to work on this case.

7. In addition to the hourly rates set forth above, Lugenbuhl customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, long distance

telephone calls, facsimile transmissions, messengers, courier mail, computer and data bank time, word processing, travel, lodging, the catering of meetings and business meetings, meal charges for business meetings, postage, printing, transcripts, filing fees, document retrieval, etc. Subject to this Court's order(s) with respect to the reimbursement of expenses, Lugenbuhl will be seeking reimbursement of all such charges incurred on behalf of the Committee.

8. No promises have been received by Lugenbuhl, nor any member, or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Neither Lugenbuhl nor any shareholder of the firm, associate, nor I, has any agreement with any other entity to share with such entity any compensation received by Lugenbuhl in connection with these cases.

9. Neither I, my law firm, any shareholder, nor associate thereof, insofar as I have been able to ascertain, now represent or will hereafter represent any other entity having an interest adverse to the Committee in connection with these cases, except as noted above.

10. By reason of the foregoing, I believe that Lugenbuhl is eligible for employment and retention by the committee pursuant to Section 1103 of the Bankruptcy Code and applicable Bankruptcy Rules.

STEWART F. PECK

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 29th
DAY OF November, 2006.

NOTARY PUBLIC

Benjamin W. Kadden
Notary Public
My Commission Expires at Death
Bar #29927

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| GULF ATLANTIC OPERATIONS, LLC, | * CASE NO. 06-20676, jointly administered |
| ET AL. | * with 06-20677, 06-20678, and 06-20679 |
| | * |
| Debtors | * CHAPTER 11 |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Application for Order Authorizing Official Unsecured Creditors Committee to Retain and Employ Lugenbuhl, Wheaton, Peck, Rankin & Hubbard as Counsel has been served upon the parties listed on the attached service list, by placing a copy of same in the United States mail, first class, postage prepaid on this 29th day of November, 2006.

_____

| | | |
|---|---|---|
| Nathaniel Peter Holzer<br>Jordan, Hyden, Womble, Culbreth &<br>Holzer, P.C.<br>500 N. Shoreline Drive, Suite 900<br>Corpus Christi, TX 78741 | Christine March<br>Office of the U.S. Trustee<br>606 N. Carancahua, Suite 1107<br>Corpus Christi, TX 78476 | Robert Smith Blanc, John P. Melko,<br>Amy Catherine Dinn<br>Gardere Wynn Sewell, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002-5011 |
| TC Construction, Inc.<br>c/o Greg McAtee, Esq.<br>P.O. Box 91717<br>Mobile, AL 36691-1717 | Terminal Railway<br>P.O. Box 1588<br>Mobile, AL 36633-1588 | J.J. Lipinski<br>2277 Plaza Drive, Suite 500<br>Sugarland, TX 77479 |
| Peter Brey, Controller, Koehler Instrument<br>Company, Inc.<br>1595 Sycamore Ave.<br>Bohemia, NY 11716-1796 | Hal Butt<br>Counsel for United Hospital Supply<br>P.O. Box 1238<br>Burlington, NY 08016-1238 | GE Capital Services<br>P.O. Box 74699<br>Chicago, IL 60675-4699 |
| Insultherm, Inc.<br>P.O. Box 311<br>LaPorte, TX 77572-0311 | Complete Environmental & Remediation, LLC<br>37 David Swan Lane<br>Purvis, MS 39485 | Ernest Construction, LLC<br>1814 Old Shell Road<br>Mobile, AL 36607-3417 |
| Mobile Fence Company<br>4308 Halls Mill Road<br>Mobile, AL 36693 | Instrument Technical Services, Inc.<br>8235 Padgett Switch Road<br>Irvington, AL 36544 | Oil Recovery Co., Inc.<br>P.O. Box 1803<br>Mobile, AL 36633 |
| Presley Roofing & Construction Co., Inc.<br>P.O. Box 11472<br>Chickasaw, AL 36671 | Cohen, Gorman & Putman, LLP<br>1010 Lamar, Suite 1000<br>Houston, TX 77002-6314 | Clark, Geer, Latham & Associates<br>762 Dowtowner Loop West<br>Mobile, AL 36609 |
| S.C. Stagner Contracting, Inc.<br>P.O. Box 1014<br>Saraland, AL 36571 | Baker Hughes<br>P.O. Box 200415<br>Houston, TX 77216 | John Crane, Inc.<br>P.O. Box 91502<br>Chicago, IL 60693-1502 |
| Quality Technical Services, Inc.<br>4377-B Downtowner Loop South<br>Mobile, AL 36609-5412 | Joiner Marine Service<br>9305 Johnson Road South<br>Mobile, AL 36695 | David Bowden<br>Vice President, Administration<br>Gulf Atlantic Operations, LLC<br>7500 San Felipe, Suite 600<br>Houston, TX 77063 |
| Bay City Tool & Repair Company<br>Through its counsel, L. Daniel Mims<br>L. Daniel Mims, P.C.<br>925 Government Street<br>Mobile, AL 36604 | Sempra Energy Trading Corp.<br>Through its counsel, Paul Turner<br>Sutherland, Asbill & Brennan, LLP<br>909 Fanin Street, Suite 2200<br>Houston, TX 77010 | Semper Energy Trading Corp.,<br>Through its counsel, Mark D. Sherrill<br>Sutherland, Asbill & Brennan, LLP<br>909 Fanin Street, Suite 2200<br>Houston, TX 77010 |